SPIELMAN MOTOR SALES CO., INC. *v.* DODGE, DISTRICT ATTORNEY.

No. 567. Argued March 11, 1935.—Decided April 29, 1935.

*Mr. Isadore Paul* argued the cause and *Mr. S. Frederick Placer* filed a brief for appellant.

*Mr. Karl D. Loos,* with whom *Messrs. David Blitzer, Harold H. Straus, Stanley Osserman, Eugene Roth,* and *Burton A. Zorn* were on the brief, for appellee.

*Mr. Henry Epstein,* Solicitor General of New York, with whom *Mr. John J. Bennett, Jr.,* Attorney General, and *Messrs. Eugene F. Roth* and *Burton A. Zorn* were on the brief, for the State of New York.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

Appellant, a retail dealer in automobiles in the City of New York, brought this suit to restrain the District Attorney of New York County from instituting a criminal prosecution for alleged violation of the "Code of Fair Competition for the Motor Vehicle Retailing Trade." Appellant alleged that he was threatened with prosecution under Chapter 781 of the Laws of 1933 of the State of New York, which made it a misdemeanor to violate any provision of a code of fair competition as approved by the President of the United States under Title I of the National Industrial Recovery Act. 48 Stat. 195. It appears that the charge of violation of the code related to the provisions which limited the amount to be allowed for an old car "traded in" as part payment for a new car and required the maintenance of factory list prices, plus certain charges, with a prohibition against discounts, gratuities, etc. for the purpose of inducing purchases. The state statute was challenged as repugnant to the Constitution of the State, by reason of an improper delegation of legislative power, and also as effecting a deprivation of liberty and property without due process of law in contravention of the Fourteenth Amendment of the Constitution of the United States.

Appellant's application for an interlocutory injunction was heard in the District Court by three judges. Jud. Code, § 266, 28 U. S. C. 380. There was also a motion by the defendant to dismiss the bill of complaint upon the grounds, among others, that it failed to allege facts constituting an equitable cause of action, and that the District Court was without jurisdiction. Pursuant to notice, the Attorney General of the State appeared in support of the state act. Affidavits were submitted on both sides and, on hearing, the District Court sustained the

validity of the statute and, on that ground, denied the motion for injunction and granted the motion to dismiss the bill. An order to that effect was entered and the case comes here on appeal.

Upon the argument at this bar, the questions were raised (1) whether the District Attorney was an officer of the State within the meaning of § 266 of the Judicial Code, and (2) whether the complaint stated a cause of action within the equitable jurisdiction of the District Court. The case was continued to permit the parties to file briefs upon these questions, and the briefs are now in.

*First.* If the District Attorney of the County of New York, is to be deemed a local officer, performing a local function in a matter of interest only to the particular county, § 266 of the Judicial Code has no application and we are without jurisdiction of this direct appeal from the District Court. *Ex parte Collins,* 277 U. S. 565, 568; *Ex parte Public National Bank,* 278 U. S. 101, 104; *School District No. 7* v. *Hunnicut,* 283 U. S. 810. See, also, *Oklahoma Gas Co.* v. *Packing Co.,* 292 U. S. 386, 390.

The office of district attorney in the State of New York was created in 1801. In each of the districts as then established, which included several counties, he was charged with duties which previously had devolved upon an assistant attorney general. In 1815 the County of New York was made a separate district, and in 1818 provision was made for the appointment of a district attorney in each county. The power of appointment was vested in the Governor and the Council of Appointment until the constitution of 1821, when that power was given to the county courts. The constitution of 1846 provided that district attorneys should be chosen by the electors of the respective counties.

Despite this provision for local elections, the district attorney in each county has been regarded as a state officer performing a state function and taking the place, in

respect to his duties within the district or county, of the attorney general, upon whom at the outset these duties had been laid. Lincoln's Constitutional History of New York, vol. 2, pp. 529, 530; vol. 4, pp. 722, 723. Under the state statutes prior to 1892, it appears that district attorneys were classified as judicial officers. N. Y., Rev. Stat., Chap. V, Title I. In *Fellows* v. *Mayor* (1876), 8 Hun 484, 485, dealing with the status of an assistant district attorney, the court said: " It is conceded that the district attorney is a state officer. It could not well be questioned." And in *People ex rel. Lyon* v. *Nicoll* (1891), 32 N. Y. S. 279, 280, the court referred to the office of the district attorney as " a state office, classified by the Revised Statutes as a judicial office."

In the Public Officers Law of 1892 (now Chapter 47 of the Consolidated Laws of New York, Article I, § 2) a different classification was made and public officials were defined as either " state officers " or "local officers," the latter embracing officers chosen "by the electors of a portion only of the State." District attorneys fall within this description of local officers. Notwithstanding the change in classification, they are still to be deemed a part of the judicial system of the State, each performing within his county a distinctively state function. Lincoln's Constitutional History of New York, *loc. cit.* See Opinions, Attorney General of New York, 1924, p. 120.

In this view we cannot regard the local description, or the method of selecting the officer, as decisive with respect to the application of § 266 of the Judicial Code. That section relates to suits in which an interlocutory injunction is sought to restrain, on constitutional grounds, the enforcement "of any statute of a State by restraining the action of any officer of such State in the enforcement or execution of such statute, or in the enforcement or execution of an order made by an administrative board or commission acting under and pursuant to the statutes

of such State." To determine the application of this provision, we must have regard both to the nature of the legislative action which is assailed and to the function of the officer who is sought to be restrained. We have said that the reference is not to every legislative action, regardless of its nature and scope, but to a statute "of general application" or an order of a state board or commission. Thus, the section does not apply to suits to restrain the enforcement of municipal ordinances or the orders of a city board. *Ex parte Collins, supra.* And, although the constitutionality of a statute is challenged, the provision is inapplicable where the defendants are local officers and the suit " involves matters of interest only to the particular municipality or district." *Id.* Accordingly, a suit against local officials to enjoin the collection of taxes assessed against shares in a national banking association, in pursuance of a state law but "by, and for the sole use of, the city," was found not to be within the section. *Ex parte Public National Bank, supra.* We pointed out that the suit must not only seek to have a state statute declared unconstitutional, or that in effect, but to restrain the action " of an officer of the state." But the Court was careful to reserve the question whether so-called local officers might not in fact represent the State or exercise " state functions in the matters involved," so as to bring the suit to restrain their action within the provision for three judges and direct appeal. *Id.,* p. 105.

Where a statute embodies a policy of statewide concern, an officer, although chosen in a political subdivision and acting within that limited territory, may be charged with the duty of enforcing the statute in the interest of the State and not simply in the interest of the locality where he serves. This is especially true in the case of a prosecuting officer who acts for the entire State, as a part of its machinery of enforcement, in proceedings against violators of the state statute. The function of

such an officer, in enforcing a statute of general application, is of controlling importance in giving effect to the intent of the Congress.

In the instant case it is manifest that the statute under attack attempted to establish a statewide policy, and not one merely in the interest of the particular county. The defendant is charged with the duty of enforcing the statute by prosecuting those who disobey it, and in performing that duty he acts not merely in the local interest but in the name of the people of the State in compelling observance of its laws. In that enforcement, he is acting in a true sense as an officer of the State. Appellant sought to restrain his action in that aspect and hence we think that the case fell within § 266 of the Judicial Code and was properly heard by three judges.

*Second.* We pass to the question whether the bill of complaint stated a cause of action within the equitable jurisdiction of the District Court.

The general rule is that equity will not interfere to prevent the enforcement of a criminal statute even though unconstitutional. *Hygrade Provision Co.* v. *Sherman,* 266 U. S. 497, 500. See, also, *In re Sawyer,* 124 U. S. 200, 209–211; *Davis & Farnum Manufacturing Co.* v. *Los Angeles,* 189 U. S. 207, 217. To justify such interference there must be exceptional circumstances and a clear showing that an injunction is necessary in order to afford adequate protection of constitutional rights. See *Terrace* v. *Thompson,* 263 U. S. 197, 214; *Packard* v. *Banton,* 264 U. S. 140, 143; *Tyson* v. *Banton,* 273 U. S. 418, 428; *Cline* v. *Frink Dairy Co.,* 274 U. S. 445, 452; *Ex parte Young,* 209 U. S. 123, 161–162. We have said that it must appear that " the danger of irreparable loss is both great and immediate"; otherwise, the accused should first set up his defense in the state court, even though the validity of a statute is challenged. There is ample oppor-

tunity for ultimate review by this Court of federal questions. *Fenner* v. *Boykin*, 271 U. S. 240, 243, 244.

Appellant's bill of complaint failed to meet this test. Appellant alleged that the District Attorney had applied to a magistrate of the city of New York for the issue of a summons directing the appearance of the appellant, to the end that an investigation should be made of a complaint against him for violation of the provisions of the " Motor Vehicle Retailing Code " and that an information charging violation should be drawn. He alleged that the District Attorney intended, unless restrained, to institute criminal proceedings. The state statute made any violation of the provisions of the code a misdemeanor punishable by a fine not exceeding $500 for each offense. The bill contained general allegations of irreparable damage and deprivation of " rights, liberties, properties, and immunities " without due process of law, if the statute were enforced. But the bill failed to state facts sufficient to warrant such conclusions, which alone were not enough. The bill alleged that appellant had a large business in buying and selling motor vehicles, but the statute did not prohibit the continuance of that business and the bill gave no facts to show that the particular requirements of the code, which were in question, would create such a serious interference as to require equitable relief. Aside from the statement of general and unsupported conclusions, the case presented by the bill was the ordinary one of a criminal prosecution which would afford appropriate opportunity for the assertion of appellant's rights. So far as the bill disclosed, nothing more than a single prosecution was in contemplation, a point which the District Attorney emphasized by his disclaimer, on the hearing below, of any intention to institute any further prosecution against appellant until his rights, constitutional or otherwise, had been adjudicated in the pending criminal proceeding.

The bill should have been dismissed upon the ground that it failed to state a case within the equitable jurisdiction of the District Court. The decree is modified accordingly, and, as modified, the decree is affirmed.

*Decree modified, and, as modified, affirmed.*