### McDERMOTT v. HAMILTON et al.
#### No. 548.

District Court, W. D. Washington, S. D.
June 17, 1935.

236

Joseph P. McDermott, of Seattle, Wash., pro se.

G. W. Hamilton, Atty. Gen. of the state of Washington, and W. A. Toner, Asst. Atty. Gen. of the state of Washington, for defendant George W. Hamilton, as Atty. Gen. of the state of Washington.

Warren G. Magnuson, Pros. Atty. for King county, Wash., and Wm. Hickman Moore, Deputy Pros. Atty., for King county, Wash., both of Seattle, Wash., for defendant Warren G. Magnuson, as Pros. Atty. for King county, Wash.

Before GARRECHT, Circuit Judge, and CUSHMAN and BOWEN, District Judges.

BOWEN, District Judge (after stating the facts as above).

From the reord now before the court, it appears that the defendants have no intention of committing any of the acts which plaintiff seeks to enjoin, and counsel for defendants upon the argument point out that the facts stated in the complaint with reference to the relation of plaintiff with his associate barbers being taken as true, obviously plaintiff would not be amenable to punishment under the statute.

Defendants also contend that plaintiff cannot invoke the equitable jurisdiction of this court to prevent the enforcement of a criminal statute. We find that the amended motion to dismiss must be sustained as the bill of complaint fails to state a cause of action within the equitable jurisdiction of this court. Our decision is rested on the case of Spielman Motor Sales Co.. Inc., v. Dodge, etc., 55 S. Ct. 678, 680, 79 L. Ed. 1322, in which the court makes use of the following language:

"The general rule is that equity will not interfere to prevent the enforcement of a criminal statute even though unconstitutional. Hygrade Provision Co. v. Sherman, 266 U. S. 497, 500, 45 S. Ct. 141, 69 L. Ed. 402. See, also, In re Sawyer, 124 U. S. 200, 209–211, 8 S. Ct. 482, 31 L. Ed. 402; Davis & Farnum Manufacturing Co. v. Los Angeles, 189 U. S. 207, 217, 23 S. Ct. 498, 47 L. Ed. 778. To justify such interference there must be exceptional circumstances and a clear showing that an injunction is necessary in order to afford adequate protection of constitutional rights. See Terrace v. Thompson, 263 U. S. 197, 214, 44 S. Ct. 15, 68 L. Ed. 255; Packard v. Banton, 264 U. S. 140, 143, 44 S. Ct. 257, 68 L. Ed. 596; Tyson & Bro. United Theatre Ticket Offices v. Banton, 273 U. S. 418, 428, 47 S. Ct. 426, 71 L. Ed. 718, 58 A. L. R. 1236; Cline v. Frink Dairy Co., 274 U. S. 445, 452, 47 S. Ct. 681, 71 L. Ed. 1146; Ex parte Young, 209 U. S. 123, 161, 162, 28 S. Ct. 441, 52 L. Ed. 714, 13 L. R. A. (N. S.) 932, 14 Ann. Cas. 764. We have said that it must appear that 'the danger of irreparable loss is both great and immediate'; otherwise, the accused should first set up his defense in the state court, even though the validity of a statute is challenged. There is ample opportunity for ultimate review by this Court of federal

questions. Fenner v. Boykin, 271 U. S. 240, 243, 244, 46 S. Ct. 492, 493, 70 L. Ed. 927."

The interlocutory injunction prayed for will be denied, and the amended motion to dismiss the bill of complaint will be granted.

The order embodying the foregoing ruling will be tentatively settled upon notice before Judge Cushman at Tacoma in the forenoon of any motion day, subject to consideration by other members of the court.

The clerk is directed to notify the attorneys appearing herein of the filing of this decision.

GARRECHT, Circuit Judge, concurs.

CUSHMAN, District Judge (dissenting in part).

While the statute attacked may be invalid, the bill of complaint does not allege anything in the nature of a threat upon the part of defendants to enforce it against plaintiff and defendants disclaim any intent to initiate any prosecution of plaintiff under its provisions. Defendants further allege that if directed by the Governor or other superior authority to bring action against the plaintiff, they will bring but one action until the constitutionality of the law complained of shall have been determined in the highest court of the state.

If it be assumed that the letters of the State NRA Compliance Director—portions of which are set out in the bill of complaint—threaten both repeated prosecutions and recovery on account of violations of certain of the "nonsuspended" provisions of the "Code of Fair Competition for the Barber Shop Trade," yet, those letters were all written before the enactment of the statute attacked. For these reasons, 1 concur in the conclusion of the majority of the court that any interlocutory injunction should be denied.

I am, however, of the opinion that the motion to dismiss should be denied. Terrace v. Thompson, 263 U. S. 197, 214–216, 44 S. Ct. 15, 68 L. Ed. 255; McDermott v. City of Seattle (D. C.) 4 F. Supp. 855–857; Patton v. Bellingham, 179 Wash. 566, 573 to 576, 38 P.(2d) 364.

In the case of Spielman Motor Sales Co. v. Dodge, 55 S. Ct. 678, 681, 79 L. Ed. 1322, cited in the majority opinion, the defendant District Attorney had begun a prosecution in which the plaintiff in the

suit in equity would be afforded an opportunity to test the validity of the law and the bill of complaint disclosed nothing more than a single prosecution was in contemplation, which, as stated in the opinion, " * * * the district attorney emphasized by his disclaimer, on the hearing below, of any intention to institute any further prosecution against appellant until his rights, constitutional or otherwise, had been adjudicated in the pending criminal proceeding."

If plaintiff's bill of complaint is dismissed, he is denied an opportunity of testing the validity of the statute and, under the circumstances stated in his complaint, left in great and immediate danger of irreparable loss because of that fact.