**BUCK et al. v. CASE, State Treasurer of Washington, et al. (K. M. O., Inc., et al., Interveners).**

No. 606.

District Court, W. D. Washington, S. D.
May 9, 1938.

Vanderveer & Bassett, of Seattle, Wash. (Louis D. Frohlich and Herman Finkelstein, both of New York City, and H. W. Haugland, of Seattle, Wash., of counsel), for complainants.

G. W. Hamilton, Atty. Gen., E. B. Donnelly, Asst. Atty. Gen., B. Gray Warner, Dist. Atty., and Edwin C. Ewing, Asst. Dist. Atty., both of Seattle, Wash., Harry H. Johnston, Dist. Atty., of Tacoma, Wash., Ralph E. Foley, Dist. Atty., of Spokane, Wash., A. W. Swanson, Dist. Atty., of Everett, Wash., H. W. Covalt, Dist. Atty., of Bellingham, Wash., Smith Troy, Dist. Atty., of Olympia, Wash., Paul O. Manley, Dist. Atty., of Montesano, Wash., Robert J. Willis, Dist. Atty., of Yakima, Wash., Glenn L. Bean, Dist. Atty., of Walla Walla, Wash., C. C. Dill, Sp. Atty., of Spokane, Wash., and Alfred J. Schweppe and McMicken, Rupp & Schweppe, all of Seattle, Wash., for defendants.

Kenneth C. Davis, of Seattle, Wash., Clarence C. Dill, of Spokane, Wash., and Leo Teats, of Tacoma, Wash., for intervener K. M. O., Inc.

Clark R. Belknap, of Seattle, Wash., for intervener John G. Lockhart.

Before HANEY, Circuit Judge, and CUSHMAN and BOWEN, District Judges.

CUSHMAN, District Judge.

Section 266 of the Judicial Code, 28 U. S.C.A. § 380, in part, provides: "It is further provided that if before the final hearing of such application a suit shall have been brought in a court of the State having jurisdiction thereof under the laws of such State, to enforce such statute or order, accompanied by a stay in such State court of proceedings under such statute or order pending the determination of such suit by such State court, all proceedings in any court of the United States to restrain the execution of such statute or order shall be stayed pending the final determination of such suit in the courts of the State."

As already stated, the prayer of the Complaint, in part, is that defendants "be enjoined and restrained by temporary and permanent order of injunction of this court, from bringing, directly or indirectly, and from permitting to be brought, directly or indirectly, any proceeding at law or in equity for the purpose of enforcing said Statute, Chapter 218 of the laws of 1937 of the State of Washington, against the complainants and others similarly situated, representatives, employees, agents or any of them, including the Society, as and when said Statute goes into effect. * * *"

By the foregoing it appears that a, if not the, major purpose of the Bill is to deprive the State courts of an opportunity to exercise the jurisdiction saved to them by

the express terms of the Act under which this court was created and under which complainants ask it to enjoin defendants from bringing such authorized suits in a court of the State.

In view of the conclusion herein reached it will not be determined whether, under such circumstances, the court should attempt to spell out jurisdiction of other parts of this suit.

As already stated, each one of the defendants, in the motion to dismiss, state: "4. That defendants assert that they do not intend to enforce the criminal penalties of the act until the validity of the act is adjudged."

The consideration of the effect of this disclaimer upon the jurisdiction of the Court as a court of equity (Spielman Motor Sales Co. v. Dodge, 295 U.S. 89-96, 55 S.Ct. 678, 681, 79 L.Ed. 1322) should in any event be deferred until the court determines its jurisdiction as a district court.

■ The Bill must allege affirmatively and distinctly whatever is essential to the Court's jurisdiction, Smith v. McCullough, 270 U.S. 456-459, 46 S.Ct. 338, 339, 70 L.Ed. 682; Norton v. Larney, 266 U.S. 511-515, 45 S.Ct. 145, 147, 69 L.Ed. 413, and, if the allegations of the Bill as to jurisdictional facts are by the defendants challenged in an appropriate manner, complainants must support them "by competent proof," McNutt v. General Motors Acceptance Corp., 298 U.S. 178-189, 56 S.Ct. 780, 785, 80 L.Ed. 1135.

■ There is no question but that the motion of the defendants to dismiss, denying that the matter in controversy exceeds $3,-000 exclusive of interest and costs, was sufficient at the hearing had to place upon complainants the burden of so establishing that it is in excess of such amount. [Jud. Code § 24(1), 28 U.S.C.A. § 41(1).]

The Bill of Complaint alleges that Chapter 218, p. 1070, Laws Wash.1937, is unconstitutional "in that it deprives complainants of their liberty and property without due process of law and the equal protection of the laws, impairs the obligation of contract, destroys the rights of complainants in their copyrighted works, nullifies valid contracts theretofore entered into, interferes with the Federal judicial power, destroys the privileges and immunities granted to complainants, and attempts to subordinate the Federal Constitution and the Copyright Act to the State of Washington, and complainants to an unreasonable search and seizure of their properties, effects, papers and persons."

By the foregoing it is made to appear that complainants invoke the protection of the 14th Amendment; Article 1, Section 8, Clause 8, Section 10, Clause 1; Article 3, Section 2, Clause 1; Article 4, Section 2, and Article 6, Clause 2 of the Constitution, U.S.C.A.Const. art. 1, § 8, cl. 8, and § 10, cl. 1; art. 3, § 2, cl. 1; art. 4, § 2; art. 6, cl. 2; Amend. 14.

■ The suit, as made by the Bill, is one concerning a State legislative enactment affecting property in copyrights because of conduct of those owning and interested in them—conduct beyond and apart from rights granted by copyrights. The owner of a copyright, because of conduct prohibited by law, may lose it. The question is whether the conduct by this statute forbidden is within the police power of the State to prescribe.

■ It follows that the suit is one under the Fourteenth Amendment, U.S.C.A.Const. Amend. 14, rather than one arising under the copyright laws of the United States and that the amount in controversy to give the court jurisdiction must be in excess of $3,000, exclusive of interest and costs.

■ The non-profit sharing complainant Society, on behalf of whose members it is claimed the Bill is filed, has not the requisite amount of pecuniary interest. KVOS, Inc., v. Associated Press, 299 U.S. 269-278, 57 S.Ct. 197, 200, 81 L.Ed. 183. The transfer to the Society by the members of their rights for such of the total (less expense) realized from the pooled license fees as a committee of the Society shall determine does not affect the pecuniary interest of the Society.

■ Concerning the aggregating of the claims of the members of the complainant Society in determining the amount in controversy, neither practice nor rule of the committee concerning the apportioning among the Society's members of the pooled license fees realized is shown. It appears to be a part of the contention made by the defendants that such division is inequitable and to the advantage of those directly concerned with the management of the affairs of the Society. It also appears that such distribution may be of license fees

secured throughout the country rather than from within the State. A common interest among the members warranting an aggregating of their claims for such purpose has not been shown.

Concerning the competency of the verified Bill and affidavits, Equity Rules 73 and 48, 28 U.S.C.A. following section 723, provide:

"Rule 73. *Preliminary Injunctions and Temporary Restraining Orders.*—

"No preliminary injunction shall be granted without notice to the opposite party. Nor shall any temporary restraining order be granted without notice to the opposite party, unless it shall clearly appear from specific facts, shown by affidavit or by the verified bill, that immediate and irreparable loss or damage will result to the applicant before the matter can be heard on notice. In case a temporary restraining order shall be granted without notice, in the contingency specified, the matter shall be made returnable at the earliest possible time, and in no event later than ten days from the date of the order, and shall take precedence of all matters, except older matters of the same character. When the matter comes up for hearing the party who obtained the temporary restraining order shall proceed with his application for a preliminary injunction, and if he does not do so the court shall dissolve his temporary restraining order. Upon two days notice to the party obtaining such temporary restraining order, the opposite party may appear and move the dissolution or modification of the order, and in that event the court or judge shall proceed to hear and determine the motion as expeditiously as the ends of justice may require. Every temporary restraining order shall be forthwith filed in the clerk's office."

"Rule 48. *Testimony of Expert Witnesses in Patent and Trade-Mark Cases.*—

"In a case involving the validity or scope of a patent or trade-mark, the district court may, upon petition, order that the testimony in chief of expert witnesses, whose testimony is directed to matters of opinion, be set forth in affidavits and filed as follows: Those of the plaintiff within forty days after the cause is at issue; those of the defendant within twenty days after plaintiff's time has expired; and rebutting affidavits within fifteen days after the expiration of the time for filing original affidavits. Should the opposite party desire the production of any affiant for cross-examination, the court or judge shall, on motion, direct that said cross-examination and any re-examination take place before the court upon the trial, and unless the affiant is produced and submits to cross-examination in compliance with such direction, his affidavit shall not be used as evidence in the cause."

Rule 29 of the Rules of this—the District—Court, provides:

"Rule 29. *Injunctions.*

"Proceedings for injunctions are governed by the practice in equity in the Federal Courts. No application for a preliminary injunction or restraining order will be entertained, by the Court or Judge, until after a bill in equity has been filed in the clerk's office and a subpoena issued thereon. No preliminary injunction shall be granted without notice to the opposite party; nor shall any temporary restraining order be granted without notice to the opposite party unless it shall clearly appear from specific facts shown by affidavit or by the verified bill that irreparable injury will result to the applicant before the matter can be heard on notice. In case a temporary restraining order shall be granted without notice, in the contingency above specified, the matter shall be made returnable on the earliest day that the business of the Court will admit of, and if practicable, not later than the succeeding law and motion day, which is to be held, and shall take precedence of all other matters on the calendar of said day, except older matters of the same character, and matters to which special precedence may be given by the order of the Court. When the matter first comes up for hearing the party who obtained the temporary restraining order shall be required to be ready to proceed with his application for a preliminary injunction, and if he be not ready the Court may dissolve his temporary restraining order. The defendant, however, shall be entitled as of course to one continuance for a reasonable period, if he desires it, to enable him to meet the application for the preliminary injunction. The defendant may, without notice, when the matter first comes up in court, or at any subsequent hearing, present affidavits relating to the continuance or modification of the temporary restraining order as distinct from the application for the injunction, and the restraining order may be dealt with separately in the discretion of the Court."

No temporary restraining order was granted in this cause. Rule 48, in effect, excepts the cases therein described from the general rule. Rule 73 and Rule 48 are both new rules promulgated since the adoption of Rule 29 of this Court. Rule 29 is not at variance with Rule 73. If it was, Rule 73 would of course control.

In view of the foregoing, it is clear that there is no competent evidence showing that the matter in controversy exceeds, exclusive of interest and costs, $3,000. See, also, 28 U.S.C.A. §§ 381, 639, 723 and 730.

The affidavits in support of the Bill may, upon such a hearing, be considered as preliminary pleadings for the purpose of determining what, if any, matters are in dispute, but they and the verified Bill are, if denied, incompetent as evidence.

If the competency of the allegations of the Bill and affidavits be assumed, they still fail to clearly and distinctly show that the jurisdictional amount is in controversy, for while the owners of copyrights may be assumed to have knowledge concerning the extent of their ownership, there can be no presumption that they are qualified to express an opinion concerning the cost of complying with the requirements of Section 4 of the Act, nor would the Court, without more, be warranted in accepting, without opportunity for cross-examination, the statement of an owner as to the value of his property unless it was a statement against interest.

As already shown (by the quoted prayer of the Complainants) this suit was brought before the statute went into effect. Consequently no penalties could have been incurred under the act at the time of the institution of the suit. See Healy v. Ratta, 292 U.S. 263-268, 54 S.Ct. 700, 702, 78 L.Ed. 1248.

The injunction prayed will be denied and defendants' motion to dismiss, as not within the jurisdiction of the Court, will be granted.

If additional orders or rulings are desired, motions therefor may be noted for hearing at the settlement of orders based upon the foregoing ruling, which will also be upon notice.

The Clerk is directed to notify the attorneys for the parties of the filing of this decision.