**PACIFIC AMERICAN FISHERIES, Inc. v. MULLANEY, Commissioner of Taxation, Territory of Alaska.**

No. 12623.

United States Court of Appeals
Ninth Circuit.

June 25, 1951.

138

Faulkner, Banfield & Boochever, H. L. Faulkner, Juneau, Alaska, for appellant.

J. Gerald Williams, Atty. Gen., of Alaska, John H. Dimond, Asst. Atty. Gen., for appellee.

Before DENMAN, Chief Judge, and ORR, and POPE, Circuit Judges.

POPE, Circuit Judge.

The appellant, a Delaware Corporation, brought this action against appellee as Commissioner of Taxation of the Territory of Alaska, for the purpose of procuring an adjudication of the invalidity of Chapter 66 of the Session Laws of Alaska 1949, the same statute considered in Anderson et al. v. Mullaney, 9 Cir., 191 F.2d 123. The complaint alleges that the enactment mentioned, which imposes a license tax of $50 annually on nonresident fishermen and $5.00 annually on resident fishermen, "is invalid and of no force or effect, because it imposes a higher tax on nonresidents than on residents, and makes an unlawful discrimination between residents and nonresidents * * *."

The complaint which was filed August 5, 1949, further alleges that the appellant employs approximately 400 nonresident fishermen in its business of salmon fishing and salmon canning and packing in the Territory of Alaska; that in preparation for the salmon fishing season it has expended large sums for the purchase of equipment, cans, boxes, fishing gear and supplies, and in the transportation of men and supplies to the Territory; that it gets a large part of its fish supply from these nonresident fishermen; that in the month of July at Naknek, Alaska, where appellant has a salmon cannery, the defendant sent his deputies to appellant's property with warrants of arrest and by means of threats and coercion forced the payment of approximately $4000 in nonresident fishermen's license taxes on account of some 80 nonresident fishermen there employed and which sum appellant had to pay to avoid closing its operations. It is alleged that the defendant is making threats to take similar action with respect to the remaining 320 nonresident fishermen upon whom the appellant depends for its supply of fish. It ap-

pears from an affidavit attached to the complaint and purportedly made a part of it that approximately 245 of these nonresident employees of the appellant have not paid the license tax. The complaint also alleges that under some of its union contracts with nonresident fishermen employees, the appellant is bound to pay all fishing fees lawfully levied by the Territory, although the number of nonresident fishermen affected by such contracts is not set forth. It is alleged further that if appellant employs nonresident fishermen on whose behalf the license fee has not been paid, or purchases fish from such individuals, it is liable to fines and other penalties under Chapter 66, and that if it would avoid such penalties it must itself pay the tax for the fishermen whether it is obligated to do so by its contracts or not, and it is alleged that in fact, the appellee is demanding of the appellant that it thus pay such taxes, which will amount to approximately $16,000. It says further that there is no means whereby appellant may pay such sums under protest and recover them back; that it has no adequate remedy at law to protect itself against the exaction of an invalid tax; that it is threatened with an immediate, substantial and irreparable injury. The complaint prays (1) for a preliminary injunction during the pendency of the suit restraining the appellee and his agents from enforcing the provisions of Chapter 66, from collecting any part of the tax from appellant and from interfering with the defendant's operations; (2) for a permanent injunction to the same effect; and (3) for an order adjudging that "Chapter 66 * * * is null and void and of no legal force and effect as it applies to nonresident fishermen."

Upon the filing of the complaint a temporary restraining order was issued with an order to show cause why an injunction pendente lite should not be issued. Additional affidavits pro and con were filed and after a hearing and consideration of the pleadings and affidavits the preliminary injunction was denied and the temporary restraining order dissolved.

The court made no findings in support of its order but did file two opinions. The substance of each of these opinions was that the facts shown were insufficient to warrant the interposition of a court of equity, the court citing in one opinion Watson v. Buck, 313 U.S. 387, 61 S.Ct. 962, 85 L.Ed. 1416, and in the other, Spielman Motor Co. v. Dodge, 295 U.S. 89, 55 S.Ct. 678, 79 L.Ed. 1322. The opinions made it clear that the court considered that this was merely an attempt to enjoin an ordinary criminal prosecution and that the facts did not disclose a sufficient likelihood of injury to property rights or a sufficient showing of want of adequate remedy at law to bring the case within the exception to the rule that equity will not ordinarily enjoin a criminal prosecution. Thereafter an answer was filed putting in issue most of the allegations of the complaint. The defendant then moved for judgment on the pleadings on two grounds: (1) the decision of the Alaska court in the case of Anderson v. Mullaney, supra, holding Chapter 66 valid; and (2) that injunction cannot be granted since courts of equity do not restrain threatened criminal prosecutions, the court having previously held in its order denying a temporary injunction that the allegations of the complaint were insufficient to warrant the interposition of a court of equity in this case.

Upon hearing on this motion the court determined to treat the motion as one for a summary judgment, and ordered that such judgment be entered for the defendant. It does not appear that either party was afforded an opportunity to make any further showing by way of affidavit or otherwise after the court determined to treat the motion as one for summary judgment. The court made no findings in support of the judgment. The judgment itself recited: "The court having read and considered the pleadings on file herein and having heard the arguments of respective counsel, and having considered matters outside of the pleadings which were presented in argument and not excluded by the court, and the court being fully advised in the premises and good cause appearing therefor; it is hereby ordered", etc. A minute entry of 23 days later recited: "Later the same day the court granted the motion for judgment

on the ground that there is no issue of fact in view of the lack of power to grant injunctive relief."

Appeal was taken both from the order denying a temporary injunction and from the summary judgment. With respect to the summary judgment, appellant contends that irrespective of all other considerations, it was error for the court to undertake to treat the motion for judgment on the pleadings as a motion for summary judgment and then proceed to grant that judgment without giving the appellant an opportunity to present evidence on the questions of fact involved. Appellant points to the fact that its complaint alleged with respect to the operation of Chapter 66 that there are no additional expenditures necessary and no additional enforcement burden is imposed upon the Territory in the collection of taxes on nonresidents as compared with collection from residents. Appellant had the right to prove that allegation if it could.

The files in the case contained an affidavit which had been served and filed in connection with appellee's opposition to the motion for a temporary injunction, and which recited: "That the Territory of Alaska is placed to additional burden and expense and to substantial inconvenience in the matter of collecting license taxes from nonresident fishermen, as compared with the collection of license taxes from resident fishermen." Appellant urges that the court was not entitled to accept that allegation as true and to enter a summary judgment without first permitting appellant to supply contrary evidence in support of its complaint. Appellant suggests that it is possible that the court's summary judgment was based upon its previous decision in Anderson v. Mullaney, in which the validity of Chapter 66 was upheld. Although the judgment, as stated, refers to the court's consideration of "matters outside the pleadings which were presented in argument", these matters are not identified. The decision in Anderson v. Mullaney was the first ground named by appellee in his motion for judgment on the pleadings. The minute entry mentioned above would indicate that the summary judgment was based upon the court's view of its lack of power to grant injunctive relief.

We think that the contention that the entry of a summary judgment was erroneous under the circumstances is sound. Of course, if the complaint wholly failed to state a claim for any relief, appellant would not be in a position to complain about a judgment dismissing the complaint, whatever might be its right to complain of a judgment purporting to dispose of the case upon its merits. We think, however, that the complaint cannot be so characterized. In addition to seeking an injunction, it contained a prayer for declaratory relief and we think it sufficiently alleged the existence of a controversy so as to disclose grounds for such relief. "Under such circumstances, we see no reason why a declaratory judgment action, even though constitutional issues are involved, does not lie." United Public Workers v. Mitchell, 330 U.S. 75, 93, 67 S.Ct. 556, 566, 91 L.Ed. 754.

When we turn to those portions of the complaint directed to appellant's claim for an injunction, it would appear that if the allegations of the complaint were true, appellant was without an adequate remedy at law and threatened with irreparable injury. Thus it appears that a large majority of the fishermen upon whom appellant's business was dependent for a supply of fish, refused to pay and have not paid the nonresident license fee. Under the Act it was made a crime for the appellant to deal with any such fishermen. Appellant was without power to compel the fishermen to pay the licenses, particularly if, as the complaint alleges, Chapter 66 was void or unenforcible. The complaint alleges that the appellee was threatening criminal prosecution of the appellant if it dealt with these fishermen and was demanding that appellant pay for these licenses itself as it had been compelled to do for the fishermen at Naknek. It is also apparent that if appellant paid those taxes, whether it did so because of its union contracts, or in response to appellee's demand, or simply because such was the only alternative to the threatened criminal prosecution, there would be no way for appellant to recover the amounts so paid. It cannot recover them from the Territory for

it was not the taxpayer; it could not recover them from the fishermen for if the allegations of the complaint were true, the fishermen did not owe anything under an invalid statute.

The allegations of the complaint bring the appellant within the exception to the general rule that equity will not enjoin the enforcement of a criminal statute. As this court stated in Argonaut Mining Co. v. McPike, 9 Cir., 78 F.2d 584, 586, that exception is "that a criminal prosecution under an unconstitutional statute will be enjoined when that is essential to the safeguarding of property rights." In this respect we think the appellant brought itself within the rule of Hynes v. Grimes Packing Company, 337 U.S. 86, 69 S.Ct. 968, 93 L.Ed. 1231 and A. F. of L. v. Watson, 327 U.S. 582 at page 595, 66 S.Ct. 761, 90 L.Ed. 873. The genuineness of the issue and the materiality of the facts were not disproven by the fact that the appellee denied the allegations of the complaint that the Commissioner was demanding that appellant itself pay the taxes or threatened appellant with criminal prosecution if it did not. Most material is the allegation of the complaint to the effect that there is no additional cost or burden in enforcing the statute against nonresident fishermen. If the trial court's decision that there was no genuine issue here was based on its holding in Anderson v. Mullaney, it is apparent from what we have said upon the appeal in that case that there existed most cogent reasons for permitting the appellant to offer proof upon this issue, proof which was so sadly lacking in the earlier case.

We also think that for the reasons stated in Mayo v. Lakeland Highlands Canning Co., 309 U.S. 310, 316, 60 S.Ct. 517, 84 L.Ed. 774, and in Gibbs v. Buck, 307 U.S. 66, 77, 59 S.Ct. 725, 83 L.Ed. 1111, the case was an appropriate one for the issuance of a temporary injunction. The court should have made findings, in compliance with Rule 52(a) of the Rules of Civil Procedure, 28 U.S.C.A., in ruling upon the application for a temporary injunction. Mayo v. Lakeland Highlands Canning Co., supra.

Because of the importance of the issues presented in this suit, we think that it was not one to be disposed of by summary judgment, even if proper motion for such judgment had been made or proper opportunity afforded for appropriate showing by affidavit or otherwise. Kennedy v. Silas Mason Co., 334 U.S. 249, 68 S.Ct. 1031, 92 L.Ed. 1347. Accordingly, the order denying the temporary injunction and the summary judgment are reversed, and the cause is remanded for further proceedings in accordance with this opinion.