**James R. GULLAGE, Appellant,**

v.

**STATE OF SOUTH CAROLINA, William D. Leeke, Director, S. C. Department of Corrections, Appellees.**

No. 72–1445.

United States Court of Appeals, Fourth Circuit.

Argued March 6, 1973.

Decided June 25, 1973.

**1220**

Prof. William T. Toal, Greenville, S. C., (Court-appointed) for appellant.

Robert M. Ariail, Asst. Atty. Gen. of S. C., (Daniel R. McLeod, Atty. Gen. of S. C., Emmet H. Clair, Asst. Atty. Gen. of S. C., on brief) for appellees.

Before WINTER, RUSSELL and WIDENER, Circuit Judges.

PER CURIAM:

In this appeal from denial of a writ of habeas corpus, petitioner contends that illegally seized evidence, obtained as a result of a warrantless search, was used to convict him and to induce his confession admitted against him at trial. He also contends that his confession was otherwise unlawfully coerced.

We see no merit in the claim of coercion in the manner in which the confession was obtained. The principal ground for asserting the invalidity of the seizure is the claim that petitioner's wife may not be said to have consented to the search when she was not advised, nor did she know, that she had a right to withhold her consent; and the validity of the confession, under petitioner's first theory, depends upon whether it was the product of tainted evidence.

 After argument of the case, we stayed decision pending the Supreme Court's decision in Schneckloth v. Busta-

monte. That case was decided May 29, 1973. 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854. It held that the "voluntariness" of consent to a search depends upon the totality of the surrounding circumstances; and while lack of knowledge of the right to withhold consent is a factor to be considered, proof of such knowledge is not required to render consent voluntary. Since the surrounding circumstances in the instant case all point to petitioner's wife's consent to the search as a voluntary act, save only the claim that she did not know that she could withhold her consent, we conclude that the search and seizure were valid. It follows that we reject petitioner's first two contentions.

Affirmed.