488 F.2d 403
 Gloria JOSEPH et al., Appellees,
v.
Louis H. BLAIR, Mayor, City of Falls Church, Va., et al.,
Appellants.
Patricia HOGGE et al., Appellants,
v.
MEMBERS OF the CITY COUNCIL, CITY OF HAMPTON, VIRGINIA, et
al., Appellees.
Edwin EMERSON, T/A Peninsula Massage Parlor, T/A Continental
Massage Parlor, et al., Appellants.
v.
MEMBERS OF the CITY COUNCIL, CITY OF NEWPORT NEWS, VIRGINIA,
et al., Appellees.
 Nos. 73-1131, 72-2441, 72-2442.
 United States Court of Appeals,
Fourth Circuit.
 Submitted Aug. 10, 1972.
Decided Sept. 27, 1973.
As Amended Nov. 1, 1973.
 
 W. Anthony Fitch, Williamsburg, Va. (Kenneth C. Hogge and Carmel, Gray & Hogge, Hampton, Va., on brief), for appellants in Nos. 72-2441 and 72-2442.
 Thomas E. Glascock, City Atty., Hampton, Va., for appellee in No. 72-2441.
 P. A. Yeapanis, City Atty., Newport News, Va. (Robert M. Roylance, Asst. City Atty., Newport News, Va., on brief), for appellees in No. 72-2442.
 George S. Leonard, Washington, D. C. (La Rue Van Meter, City Atty., Falls Church, Va., and Philip N. Brophy, Falls Church, Va., on brief), for appellants in No. 73-1131.
 Philip J. Hirschkop, Alexandria, Va. (Joseph S. Bambacus, Richmond, Va., on brief), for appellants in No. 73-1131.
 Before BOREMAN, Senior Circuit Judge, WINTER, Circuit Judge, and BLAIR, District Judge.
 ON PETITION FOR REHEARING
 PER CURIAM:
 
 
 1
 The defendant officials of the Cities of Falls Church, Hampton and Newport News, Virginia, have petitioned for rehearing and have suggested rehearing in banc. The suggestion for rehearing in banc has been submitted to a poll of the judges of the court eligible to vote thereon, and the suggestion has failed to receive a majority vote. It therefore does not carry. The panel unanimously concludes to deny rehearing, and it is so ordered.
 
 
 2
 Because of the comments of our dissenting brother, we are constrained to make some additional remarks.
 
 
 3
 There are no proceedings in the Virginia courts, civil or criminal, involving the plaintiffs before us on appeal which, we think, would warrant invoking the Younger doctrine, or applying out prior decision in Lynch v. Snepp, 472 F.2d 769, 4 Cir. Robert Kisley has been prosecuted in the Circuit Court of Fairfax County and found guilty of a violation of the Falls Church ordinance; but, by stipulation, his sentencing has been postponed pending an adjudication in the instant proceedings of the validity of the ordinance under which he was prosecuted. Robert Kisley also instituted a civil action in the Circuit Court of Fairfax County to have the Falls Church ordinance declared invalid, but he has moved to take a nonsuit under Code of Va., Sec. 8-220 (1957 Repl.Vol.), as is his absolute right, although the state court's order of nonsuit has not been formally entered. Thus, the criminal and civil litigation involving Kisley cannot possibly result in a state court adjudication of the issues before us. Additionally, Kisley was dismissed as a plaintiff by the district court on the grounds of res judicata, and he has not appealed that ruling. Thus, Kisley is no longer a party to the instant litigation. The suggestion that BO-JAC, Ltd., a plaintiff in No. 73-1131, may have instituted an equity action in the Circuit Court of the City of Hampton, prior to suing in the district court, that that action is still pending and that it may be made a basis for the application of Younger, is made first in the petition for rehearing, and we think it comes too late.* In any event, BO-JAC is not the only plaintiff in the instant case.
 
 
 4
 While in the ordinary case we would probably stay our decision pending enlightenment from the Supreme Court in Becker v. Thompson, cert. granted, 410 U.S. 593, 93 S.Ct. 1424, 35 L.Ed.2d 686 (1973), we are presented with conflicting decisions from a single district within our circuit. The need for uniformity requires us to resolve the conflict now, and we would no less avoid a decision were we to grant the stay suggested by our dissenting brother, albeit his proposed resolution would be more palatable to him.
 
 
 5
 WIDENER, Circuit Judge (dissenting to the denial of a rehearing en banc):
 
 
 6
 In my opinion, the case should be reheard en banc.
 
 
 7
 * Assuming the facts stated in the petition for rehearing are correct, that is to say, there was pending civil and criminal litigation in the Virginia courts concerning the validity of the ordinances in question here at the time of the filing of these suits, then rehearing en banc ought to be granted to maintain uniformity of our decisions, Lynch v. Snepp, 472 F.2d 769 (4th Cir. 1973), as well as to decide a question of exceptional importance in the maintenance of relations between State and federal courts. Stefanelli v. Minard, 342 U.S. 117, 123, 72 S.Ct. 118, 96 L.Ed. 138 (1951), states the problem in another factual setting.
 
 II
 
 8
 Taking the facts stated in the opinion as correct, that is to say, there is no pending litigation in the Virginia courts concerning the validity of the statutes involved here, I note that the question decided here was considered, with different result, in Becker v. Thompson, 459 F.2d 919 (5th Cir. 1972), and en banc, 463 F.2d 1338 (5th Cir. 1972). Cf. Jones v. Wade, 479 F.2d 1176 (5th Cir. 1973). The Supreme Court has granted certiorari in Becker, sub nom., Steffel v. Thompson, 410 U.S. 953, 93 S. Ct. 1424, 36 L.Ed.2d 686, 1973, and it would not seem to be unseemly to hold this decision and await the judgment of that court so long as the precise question as stated in the opinion of the panel is pending there for consideration. We have done so recently. Gullage v. State of South Carolina, 480 F.2d 1219 (4th Cir. 1973). Any conflicts between the judges in the Eastern District of Virginia could as easily be resolved for the moment by staying the action of the district court at Richmond, as otherwise.
 
 
 9
 I also feel the question raised is one of exceptional importance, the problem being accurately stated in Stefanelli as it may concern State and federal relations, and in Spielman, infra, as it may concern the jurisdiction of the court.
 
 
 10
 In addition, I do not read Lynch and Lake Carriers as requiring the result reached by the panel, and believe the panel decision is not consistent with Tyrone, infra.
 
 
 11
 I conceive the result reached by the panel ought to be considered in the light of In re Sawyer, 124 U.S. 200, esp. p. 209-221, 8 S.Ct. 482, 31 L.Ed. 402 (1887); Spielman Motor Sales Co. v. Dodge, 295 U.S. 89, 55 S.Ct. 678, 79 L. Ed. 1322 (1935), and Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943). Indeed, the very jurisdiction of the district court may be subject to doubt on the ground that the complaint did not state a case within its equitable jurisdiction. Spielman, 295 U.S. at 97, 55 S.Ct. 678. Bad faith enforcement of the ordinance involved has neither been alleged nor proved. Cf. Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965); Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971). See also the concurring opinion of the Chief Justice in Mitchum v. Foster, 407 U.S. 225, 92 S. Ct. 2151, 32 L.Ed.2d 705 (1972).
 
 
 12
 Since I am of opinion that the rights of these plaintiffs do not rise to greater dignity than First Amendment rights, the holding here would seem to be in conflict with out recent decision in Tyrone v. Wilkinson, 410 F.2d 639, esp. p. 642 (4th Cir. 1969).
 
 
 
 *
 In the main briefs, counsel now petitioning for rehearing made a passing reference to a state equity case filed by BO-JAC, but there and in argument, the criminal and civil litigation involving Kisley was asserted as the basis for application of Younger. Before the district court and before us, counsel did not dispute their adversaries' assertion that the Hampton case had become moot when a preliminary injunction had been denied and that "it was just a question of submitting an order and getting it off the docket . . .." We will hold counsel to the implicit representations made to us