**PACIFIC AMERICAN FISHERIES, Inc. v. MULLANEY, Commissioner of Taxation.**

No. 6621–A.

District Court, Alaska.
First Division, Juneau.
July 12, 1952.

Faulkner, Banfield & Boochever, Juneau, Alaska, for plaintiff.

J. Gerald Williams, Atty. Gen. of Alaska, John Dimond, Asst. Atty. Gen. of Alaska, for defendant.

FOLTA, District Judge.

Plaintiff seeks recovery of monies paid to the Territory as license fees for non-resident fishermen. The license statute, Chapter 66 S.L.A. 1949, in addition to placing taxes of $50 on non-resident fishermen and $5 on resident fishermen, made it unlawful for anyone to employ an unlicensed fisherman.

For administrative convenience fees were collected by the employers from the non-residents so that the agents of the Territory could receive them at certain collection places rather than pursue fishermen over the Territory. In 1949, 1950 and 1951 some non-resident fishermen refused to obtain licenses. Since it was unlawful for plaintiff to continue to employ them unlicensed, it advanced the amounts from its own funds, partially reimbursing itself by making deductions from the wages of some of the individual fishermen.

The statute, so far as taxing non-residents in excess of $5, was held unconstitutional, Mullaney v. Anderson, 342 U.S. 415, 72 S.Ct. 428, and it is this excess which plaintiff seeks to recover.

Plaintiff sues in its own right, and not as assignee of the fishermen. Defendant moves to dismiss for failure to state a claim on the grounds that plaintiff does not quali-fy under the tax refund statutes, and that the statutory remedy is exclusive. The complaint consists of two statutory counts, a common count for money had and received, and a fourth count seeking injunctive relief.

■■ I am of the opinion that the complaint does not state grounds for equitable relief.

The hiring of unlicensed fishermen derogates from whatever standing in equity may be claimed for the plaintiff, and the argument that, if the defendant is allowed to make refund to the fishermen and the Court finds that a return must also be made to plaintiff, double payment and added expense to the Territory will be the consequences, which in turn will increase plaintiff's taxes, to its irreparable damage, is clearly insufficient.

■ Plaintiff also asserts that, if there is no remedy at law, equity should act. But this maxim presupposes a remedy which is inadequate and may not be invoked when there is in fact no remedy at law.

■ The statutory counts under Section 48–7–1 (a) and (b), ACLA 1949, turn largely on legislative intent. Defendant contends that the definition should be "the person chargeable with the tax" or "the person owning property subject to the tax" and would probably also add that such person must have actually paid the tax himself. Plaintiff urges that the word should be defined simply as "the person who paid the tax".

The section cited has not been the subject of judicial decision, but it appears that the legislature had defendant's definitions in mind. When the tax is on property, a person paying the tax, who has some interest in the property, may recover. The cases cited by plaintiff deal with taxes levied against the payer or against property in which the payer had an interest. Some of them deal with a "statutory taxpaying representative" who is also allowed to recover. None of the cases fits the present situation. The excise here under consideration is a license, assessed against a person, not against property. Plaintiff has paid the personal tax of another, and the statutory

remedies do not provide for this situation. Pacific American Fisheries v. Mullaney, 9 Cir., 191 F.2d 137, 140–141.

The real party in interest is the party who, by the substantive law of the forum, has the right sought to be enforced. Since under the statute the right is in the taxpayer, plaintiff cannot qualify as the real party in interest. It is to be noted that plaintiff is attempting to sue in its own right, and not as assignee for the fishermen. Although plaintiff attempts to place itself under the express trust provisions of Rule 17 (a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. so as to qualify as a real party in interest, it is clear that no trusts were formed between plaintiff and the fishermen, nor was there any intention to form such a relationship. Therefore, plaintiff does not qualify as a person suing in the place of the "taxpayer" who is given a remedy by the statute. Clark on Code Pleading, 2d Ed., Secs. 22 and 27; 2 Federal Practice and Procedure (Barron and Holtzoff), Sec. 482; 3 Moore's Federal Practice, Sec. 17.07.

The second count, under Section 48–7–1 (b) ACLA 1949 fails for the same reason set forth above, in that it contemplates an action by a taxpayer, and, since plaintiff is not the taxpayer, it is not the real party in interest, nor given a right by the statute. Moreover, this part of the statute was not designed to cover plaintiff's situation. "(T)hrough error, or otherwise" envisions an unconscious overpayment which was not known by the taxpayer to be incorrect at the time of making the return. Clerical error is indicated by the provision that the tax commissioner "on audit of the account" should make a refund. Implicit in this subdivision is the idea that the tax imposed was valid and has remained unchanged, but that the taxpayer, by the terms of the tax statute at the time of payment, has remitted too much.

■ The third count is a common-law count for money had and received. Defendant contends that this will not lie because the statutory remedy is exclusive. At common law, a taxpayer had an action in the nature of assumpsit whenever taxes were paid under duress and coercion, *and* they were wrongfully assessed. Section 48–7–1 (a) provides for refund of taxes paid under protest. At common law, no such refund could be secured on the basis of a mere protest. Section 48–7–1 (b) provides for return of overpayments, and does not even require a protest, let alone duress. At common law, no recovery was allowed in this situation either. Therefore, it would appear that two new means of recovery have been created, and, since the common law action, requiring protest, wrongful assessment and duress, is not mentioned, it is apparent that the statutory forms are in addition to the one already in existence. It would seem that the statutes were intended to liberalize recoveries by creating rights where formerly none existed. The statutes may well be exclusive as to the situations covered by them, but, since they do not cover the duress situation, an action based on duress will still lie.

■ Even though an action will still lie outside the statutes, its requisites are not fulfilled by the allegations in the third count. Payment under protest, duress and an invalid assessment are not alleged. Since it is insufficient on these grounds, it is unnecessary to determine whether or not plaintiff is the real party in interest as to that part of the claim which was deducted from the fishermen's wages.

The motion to dismiss is, therefore, granted. Plaintiff is allowed ten days in which to amend.