John W. AULT, on behalf of himself and all other taxpayers of the State of Alaska, Appellant,

v.

ALASKA STATE MORTGAGE ASSOCIATION, Albert R. Vacura, Robert Petro, Donald Mellish, M. G. Gebhart, A. H. Romick and State of Alaska, Appellees.

No. 366.

Supreme Court of Alaska.

Dec. 30, 1963.

Joseph Rudd, Ely, Guess & Rudd, Anchorage (on the brief), John M. Conway, Wade & Conway, Anchorage, on reply brief and oral argument, for appellant.

George N. Hayes, Atty. Gen., John H. Brubaker, Asst. Atty. Gen., for appellees.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

NESBETT, Chief Justice.

Appellant taxpayer commenced this suit asking the court to declare unconstitutional certain acts of the legislature which created the Alaska State Mortgage Association.[1]

The stated purpose of the legislation is to promote the health, safety and welfare of its citizens by creating a corporation to provide additional financing for the secondary housing mortgage market, thereby improving and stimulating the distribution of investment capital for housing. The purposes are declared to be necessary and to be public purposes for which public money may be spent.[2]

After the appellees had answered the complaint and had stipulated with appellant, the following issues remained:

(1) Whether all appointments to the Board of Directors of the Association were invalid because not specifically confirmed by the legislature in accordance with Article III Section 26 of the Constitution of the State of Alaska;

(2) Whether a loan of five thousand dollars made to the Association by the Office of the Governor constituted a use of public money and public credit for private purposes in violation of Article IX Section 6 of the Constitution of the State of Alaska;

(3) Whether the loan was an improper contraction of state debt in violation of Article IX Section 8 of the Constitution of the State of Alaska;

(4) Whether the loan constituted an unauthorized obligation for the payment of money in violation of Article IX Section 13 of the Constitution of the State of Alaska;

(5) Whether there was a delegation to the Association of the legislative power to promote and protect public health and provide for public welfare in violation of Article VII Sections 4 and 5 of the Constitution of the State of Alaska; and

(6) That the act authorizes loans of public property and services by public employees and provides for reimbursement of expenses out of public monies, all of which benefit a private purpose, in violation of Article IX Section 6 of the Constitution of the State of Alaska.

After the case was at issue the affidavit of M. G. Gebhart, President of the Alaska State Mortgage Association and Executive Director of the Alaska State Housing Au-

---

1. SLA 1961, ch. 103 as amended by SLA 1962, ch. 97 and SLA 1963, ch. 40 (AS 44.56.010–44.56.280).

2. SLA 1961, ch. 103, § 1 (AS 44.56.010).

thority, was filed. The affidavit was very brief and stated in substance as follows:

(1) That in his official capacity he was required to be familiar with the housing and financial fields;

(2) That the Federal National Mortgage Association's Special Assistance Program No. 4 for Alaska had been terminated;

(3) That such termination would have an adverse effect on the secondary market for home mortgages;

(4) That the Mortgage Association would eliminate or greatly reduce this adverse effect;

(5) That there is an additional need for a secondary mortgage facility in Alaska which will assist individuals in obtaining home mortgage credit, provide additional housing for citizens of Alaska and have a favorable effect on many phases of the housing industry and the economy of the state;

(6) That funds for purchasing secondary mortgages are inadequate; an additional source of funds is presently needed and the Mortgage Association, primarily through the sale of bonds to private investors, will provide this additional source; and

(7) That the Mortgage Association is expected to be self-supporting through its earning of an interest differential between its cost of borrowing by selling tax-exempt bonds, and its earnings from the purchase of mortgages at current market interest rates.

No opposing affidavit was filed and hearing was had on a motion by appellees for summary judgment. The hearing consisted entirely of oral argument by counsel. The trial court eventually published its memorandum decision and later signed a judgment in appellee's favor.

■ The only evidence adduced at the hearing was that of the appellee and consisted of an ex parte sworn statement of Mr. Gebhart submitted in the form of an affidavit in support of the appellee's motion for summary judgment. We find that evidence to be wholly inadequate since it affords us no basis for resolving the questions raised by the appellant's eight specifications of error.

One of the major issues raised was whether the purposes for which the Association was formed were public purposes. In order to determine this broad issue intelligently a court would need to know considerably more about the secondary market for home mortgages in Alaska than was contained in Gebhart's affidavit, which was the only evidence before the court. Mr. Gebhart held a high position in the Alaska Housing Authority and no doubt was an expert in the housing and home financing fields. His affidavit could have been enlightening and of great assistance to the court. Instead, it contained only conclusions unsupported by any statement of fact.

For example, the statement that available funds for purchasing secondary mortgages is inadequate, should have been supported by respectable evidence establishing the status of the market. Facts should have been supplied describing the Federal National Mortgage Association's Special Assistance Program No. 4 for Alaska, the effect of that program on the market, and the effect it might have if terminated. Evidence showing how the activities of the Alaska State Mortgage Association would reduce or eliminate the adverse effect resulting from termination of the Special Assistance Program should have been produced. Evidence tying all of the foregoing into the claim that the activities of the Association would promote the health, safety and welfare of the citizens of Alaska should also have been produced.

With a complete factual background, the court could weigh the evidence pro and con and determine whether the Association would be serving a public purpose or merely the private purpose of stimulating the housing mortgage market for the benefit of a few, as appellant suggests.

■ Counsel to some extent, but particularly the trial judge, seemed to be under

the impression that since the legislature had found and stated in the act that the Association's purposes would serve a public purpose, the court was foreclosed from inquiry. This is not so. The findings of the legislature are controlling absent a legal contest questioning their validity.[3] When they are legally questioned the court must then decide whether the legislature's findings are arbitrary and without any reasonable basis in fact.[4]

We gather from the record that this was a friendly contest to determine the constitutionality of the Association, its purposes and proposed plan of operation prior to offering bonds to the investing public. The appellant made numerous allegations of illegality and supported them with no evidence whatsoever. The appellees supported their motion for summary judgment with an affidavit containing approximately six conclusions and two statements of fact.[5] Counsel then attempted to provide in a very general way, in argument, the factual background that should have been supplied by evidence.

The issues in this case are too important to be processed in so casual a manner. It has been held that a constitutional issue should not be disposed of by summary judgment.[6] Likewise it has been held as to other public issues of great importance since, by its very nature, the record produced in a summary proceeding is inferior to that of a full adversary proceeding.[7] On the other hand, where the record produced was full and adequate and no issue of fact remained, courts have frequently made disposition by summary judgment.[8]

In DeArmond v. Alaska State Dev. Corporation[9] a number of constitutional questions were disposed of after hearing on plaintiff's motion for summary judgment and judgment on the pleadings. However, the court had before it the direct and cross examination of seven expert witnesses and numerous exhibits containing statistics and other facts, all of which was sufficient to give the court the knowledge background it needed in order to intelligently consider the issues.

■ We are not holding that summary judgment procedure in cases of this nature is unacceptable. We do hold that if summary procedure is employed in cases involving important public issues where any

3. In Re Opinion of the Justices, 177 A.2d 205, 212 (Del.1962); People v. Newton, 141 Colo. 554, 101 P.2d 21, 23 (1940).

4. DeArmond v. Alaska State Dev. Corporation, No. 116, 376 P.2d 717, 721 (Alaska 1962) where we said:
   "In determining the question presented this court adopts for its guidance the general rule, supported by the great weight of authority, that where the legislature has found that a public purpose will be served by the expenditure or transfer of public funds or the use of public credit, this court will not set aside the finding of the legislature unless it clearly appears that such finding is arbitrary and without any reasonable basis in fact."
   and where we held, after considering all of the evidence, that the announced purpose of the act had a sound basis in fact and was a public purpose.

5. The affidavit does not state that all of the allegations are made on personal knowledge, nor does it show affirmatively that affiant was competent to testify to the matters stated therein, as required by Civ.R. 56(e).

6. Pacific American Fisheries Inc. v. Mullaney, 191 F.2d 137, 141 (9th Cir. 1951).

7. Kennedy v. Silas Mason Co., 334 U.S. 249, 257, 68 S.Ct. 1031, 92 L.Ed. 1347, 1350–1351 (1948); Eccles v. Peoples Bank, 333 U.S. 426, 434, 68 S.Ct. 641, 92 L.Ed. 784, 790 (1948); Arenas v. United States, 322 U.S. 419, 434, 64 S.Ct. 1090, 88 L.Ed. 1363, 1373 (1944); See 6 Moore, Federal Practice § 56.16 at 2166, and § 56.17(10) at 2187 (2d ed. 1953).

8. Baumann v. Smrha, 145 F.Supp. 617 (D. Kan.1956) aff'd, 352 U.S. 863, 77 S.Ct. 96, 1 L.Ed.2d 73 (1956); Lindsey v. Leavy, 149 F.2d 899 (9th Cir. 1945).

9. No. 116, 376 P.2d 717 (Alaska 1962).

fact is in dispute the trial judge should not attempt to render a decision unless he is satisfied that the evidence, both pro and con, is sufficient to give him the necessary background of knowledge.

Our discussion of the inadequacy of the evidence on the issue of public purpose applies to many of the other issues raised in this case.

For the reasons set out in this opinion the findings, conclusions and judgment are set aside. The case is remanded for further proceedings consistent with the views expressed herein.