GARRETT FREIGHTLINES, INC., a corporation, Plaintiff and Appellant, v. the MONTANA RAILROAD AND PUBLIC SERVICE COMMISSION et al., Defendants and Respondents.

No. 11586.
Submitted June 13, 1969.
Decided June 23, 1969.
457 P.2d 469

Libra & Bolkovatz, A. L. Libra argued, Helena, for plaintiff and appellant.

William E. O'Leary, argued, Helena, for defendants-respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

Appeal by the plaintiff from a judgment entered in the dis-

trict court of Lewis and Clark County following the sustain-
ing of a motion to dismiss filed by the defendants. Plaintiff
filed this action and alleged that certain portions of the Mon-
tana Motor Carrier Act, (Chap. 1, Title 8, R.C.M.1947) vio-
lated the Constitutions of the State of Montana and the
United States. Defendants filed motion to dismiss on the
ground the complaint failed to state a claim upon which relief
could be granted. The district court granted the motion,
judgment was entered, and this appeal followed.

The matter involves gross revenue taxes which were paid
under protest by the plaintiff.

In support of their motion defendants argued (1) that the
Montana Constitution in Art. XII, Sec. 1b, expressly excludes
from consideration the fees in question, contrary to the po-
sition of the plaintiff; and (2) the allegations of the complaint
have been answered in prior Montana Supreme Court and
United States Supreme Court cases which resulted in decisions
favorable to the defendant Montana Railroad and Public Serv-
ice Commission (hereinafter referred to as the Board) and
adverse to the position of the plaintiff.

Actually what the movant urges is that the complaint in
this cause is without merit, such lack of merit being the
absence of law to support the position of plaintiff since the
existing state law is directly contrary to the allegations made
in the complaint.

For instance, defendants as to certain features of the case
rely upon the decision of this Court in Board of Railroad
Com'rs v. Aero Mayflower Transit Co., 119 Mont. 118, 172
P.2d 452, affirmed by the United States Supreme Court in
332 U.S. 495, 68 S.Ct. 167, 92 L.Ed. 99. Plaintiff concedes
that this case is authoritative but assets that practically all
the record facts were contained in the pleadings, as noted
in the opinion, but such situation does not exist in this cause
and that plaintiff's statistics from its present operations should
be before the Court for a determination of the issue as it now

exists. Defendants in their brief state that they would not disagree with this contention if the allegations of the complaint were such as to allege new facts in support of plaintiff's position, but they contend that no facts were alleged sufficient to support any full hearing.

Since we are of the contrary opinion it is difficult to discuss these various contentions without being guilty of prejudging the case without a full hearing. Suffice it to say that in our opinion the district court should not have granted defendants' motion to dismiss.

The language used by the Alaska Supreme Court in Ault v. Alaska State Mtg. Ass'n, Alaska (1963), 387 P.2d 698, appears particularly appropriate. There the constitutionality of certain acts of the legislature were at issue. There were numerous allegations of illegality in that case, none of which were supported by evidence. Motion for summary judgment was made, supported by an affidavit. The opinion states: "Counsel then attempted to provide in a very general way, in argument, the factual background that should have been supplied by evidence.

"The issues in this case are too important to be processed in so casual a manner. It has been held that a constitutional issue should not be disposed of by summary judgment. Likewise it has been held as to other public issues of great importance since, by its very nature, the record produced in a summary proceeding is inferior to that of a full adversary proceeding. On the other hand, where the record produced was full and adequate and no issue of fact remained, courts have frequently made disposition by summary judgment.

"In DeArmond v. Alaska State Dev. Corporation [No. 116, 376 P.2d 717 (Alaska 1962], a number of constitutional questions were disposed of after hearing on plaintiff's motion for summary judgment and judgment on the pleadings. However, the court had before it the direct and cross examination of seven expert witnesses and numerous exhibits containing statistics and other facts, all of which was sufficient to give

the court the knowledge background it needed in order to intelligently consider the issues.

"We are not holding that summary judgment procedure in cases of this nature is unacceptable. We do hold that if summary procedure is employed in cases involving important public issues where any fact is in dispute the trial judge should not attempt to render a decision unless he is satisfied that the evidence, both pro and con, is sufficient to give him the necessary background of knowledge."

The cause is remanded to the district court with directions to vacate the judgment and order, and to further proceed consistent with the views herein expressed.

MR. JUSTICES HASWELL, CASTLES and BONNER, concur.