**UNITED STATES of America, City of Baltimore, Baltimore, Maryland, ex rel. Arlan G. SCHAEDLER**

v.

**The COMMON PLEAS COURT, TWENTY-THIRD JUDICIAL DISTRICT, READING, PENNSYLVANIA.**

**No. 38261.**

United States District Court
E. D. Pennsylvania.
June 14, 1965.

Arlan G. Schaedler, pro se.

JOSEPH S. LORD, III, District Judge.

The plaintiff, Arlan G. Schaedler, asks for a writ of mandamus directing the Common Pleas Court of Berks County, Pennsylvania, to "dismiss charges" and to cause detainers lodged against him "to be voided."

Schaedler is presently confined in a penitentiary in Maryland as a result of a crime apparently unconnected with the crimes of which he is accused in the Berks County court. He alleges he has petitioned the Common Pleas Court in Berks County to dismiss the charges against him and that he has not received acknowledgment of that petition.

Plaintiff further alleges that the charges and detainers lodged against him by the Commonwealth of Pennsylvania were "achieved through a denial of constitutional rights," namely, that he was illegally arrested and searched, that he was denied an attorney and that he was threatened. Petitioner also makes the bald assertion that it is impossible for him to receive a fair trial in any lower court in Pennsylvania.

It is clear that this case would not be properly before this court in the form of a petition for habeas corpus. Plaintiff has not exhausted his state remedies and is not now in custody as a result of the detainers of which he complains. Cf. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934). However, plaintiff (filing pro se) brings this action as a "Petition for a Writ of Mandamus." Whether injunction or mandamus would be the appropriate remedy we need not decide. Jurisdiction seems to be grounded upon the Civil Rights Act, 28 U.S.C.A. § 1343,[1] 42 U.S.C.A. § 1983.[2]

In Cooper v. Hutchinson, 184 F.2d 119 (C.A.3, 1950), the court held that the Civil Rights Act gave federal courts power to enjoin state proceedings under certain circumstances despite 28 U.S.C.A. § 2283 which forbids the use of an injunction against state court action. The court in Cooper held that the Civil Rights Act comes within the exception in 28 U.S.C.A. § 2283 which provides that a federal court may stay proceedings in a state court when expressly authorized by Congress. 184 F.2d at 124. While noting that there was jurisdiction in the federal courts to interfere with state criminal proceedings when an action is brought under the Civil Rights Act, the court exercised its equitable discretion in declining to interfere with the state process until it became apparent that the state procedure was incapable of averting irreparable harm. In so doing the court recognized the delicate balance between state and federal authority and

1. "The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: * * * "(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote. * * * "

2. "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

the inadvisability of federal court interference with a state prosecution. 184 F.2d at 124–125.

In Outdoor American Corporation v. City of Philadelphia, 333 F.2d 963 (C.A. 3, 1964), the court upheld the district court's refusal to interfere with a state prosecution.

In Stefanelli v. Minard, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138 (1951), the court refused to prevent the use of certain evidence in a state criminal proceeding. Speaking for the Court, Justice Frankfurter said at pp. 122–123, 72 S.Ct. pp. 121–122:

" * * * If these considerations limit federal courts in restraining State prosecutions merely threatened, how much more cogent are they to prevent federal interference with proceedings once begun. If the federal equity power must refrain from staying State prosecutions outright to try the central question of the validity of the statute on which the prosecution is based, how much more reluctant must it be to intervene piecemeal to try collateral issues.

"The consequences of exercising the equitable power here invoked are not the concern of a merely doctrinaire alertness to protect the proper sphere of the States in enforcing their criminal law. If we were to sanction this intervention, we would expose every State criminal prosecution to insupportable disruption. Every question of procedural due process of law—with its far-flung and undefined range—would invite a flanking movement against the system of State courts by resort to the federal forum, with review if need be to this Court, to determine the issue. Asserted unconstitutionality in the impaneling and selection of the grand and petit juries, in the failure to appoint counsel, in the admission of a confession, in the creation of an unfair trial atmosphere, in the misconduct of the trial court— all would provide ready opportunities, which conscientious counsel might be bound to employ, to subvert the orderly, effective prosecution of local crime in local courts. To suggest these difficulties is to recognize their solution. * * *"

Cf. Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1942); Spielman Motor Sales Co. v. Dodge, 295 U.S. 89, 55 S.Ct. 678, 79 L. Ed. 1322 (1935).

While the remedy of mandamus is at law, its allowance is controlled by equitable principles. See United States ex rel. Greathouse v. Dern, 289 U.S. 352, 359, 53 S.Ct. 614, 77 L.Ed. 1250 (1933). Applying these principles, we deny the writ because there is no clear and imminent irreparable injury threatened. See Douglas v. City of Jeannette, 319 U.S. 157 at 183, 63 S.Ct. 877. I must assume the state courts will protect petitioner's constitutional rights.

Therefore, whether this action be deemed injunction or mandamus, the plaintiff is entitled to no relief at the hand of this court at this time.