See also D.C., 288 F.Supp. 612.

**Harold MATZNER and Dorothe Matzner, Petitioners,**

v.

**Gordon H. BROWN, Judge, Superior Court, Passaic County, New Jersey, Respondent.**

Civ. No. 434–68.

United States District Court
D. New Jersey.

May 8, 1968.

Joseph T. Afflitto, Wayne, N. J., for petitioners, F. Lee Bailey, Boston, Mass., of counsel.

Leonard I. Garth, Paterson, N. J., for intervenor, DeGroot.

Bruno L. Leopizzi, Paterson, N. J., for intervenor, Kearney.

Joseph A. Hoffman, First Asst. Atty. Gen. for N. J., William Brennan, John W. Hayden, Jr., Asst. Attys. Gen. for N. J., for respondent.

## OPINION and ORDER

SHAW, District Judge.

This action is brought by petitioners pursuant to the Federal Civil Rights Act, 42 U.S.C. § 1983 ,[1] the provisions of which the district courts of the United States have original jurisdiction to enforce. 28 U.S.C. § 1343 .[2]

Petitioners were indicted in Passaic County for murder in the first degree and trial of the indictments is scheduled for May 20, 1968. They retained F. Lee Bailey, Esquire, a member of the bar of the State of Massachusetts, to represent them as trial counsel. Leave to represent them was granted by the State trial court during September 1967 pursuant to R.R. 1:12–8. Since that time he has represented them and intends, at their request, if permitted by the court, to represent them at trial.

On April 24, 1968, Mr. Bailey wrote to the Governor of the State of New Jersey expressing his opinion as to the merits of the State's case with criticism of the continued prosecution of it. Copies of this letter were forwarded to the Attorney General of New Jersey, the United States Attorney for the District of New Jersey, the President of the New Jersey Bar Association, the Attorney General of the United States, members of the New Jersey State Legislature, Congressmen and United States Senators from the State of New Jersey, and sixteen members of the American Polygraph Association. The letter reached the hands

1. 42 U.S.C. § 1983
   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

2. 28 U.S.C. § 1343
   The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
   (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;
   (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

288 F.Supp.—39

of the press and statements made therein were published.

By letter dated April 30, 1968, addressed to the respondent by the Clerk of the Supreme Court of New Jersey, respondent was advised as follows:

> The Court, on the basis of a published letter from F. Lee Bailey, Esquire, to Governor Hughes, dated April 24, 1968, directs that you revoke the permission heretofore given to Mr. Bailey to appear as counsel in the Kavanaugh and related matters *unless the said Bailey or his client shows cause satisfactory to you to permit him to remain as counsel in said matters.* (Emphasis supplied)
>
> A hearing to that end is to be held by you forthwith. At such hearing, you shall make inquiry as to the extent of the distribution of said letter and counterparts thereof addressed to others. The foregoing is independent of such action as the Supreme Court may itself take with respect to a permanent bar of Mr. Bailey from appearing in the courts of New Jersey or other discipline.

A hearing was held by respondent in his chambers on May 3, 1968. At the conclusion of the hearing respondent ordered that the privilege extended to F. Lee Bailey, Esquire, to appear as counsel for petitioners be revoked. Thereupon, the above mentioned petition was filed in this Court and a hearing held on May 7, 1968.

Petitioners contend that: (1) The order of the respondent deprives them of rights secured to them by the Fifth[3] and Sixth[4] Amendments to the United States Constitution, made applicable to the States by the Fourteenth[5] Amend-

ment. (2) They are entitled to an order of this Court restraining enforcement of the State court order.

The question of jurisdiction to enjoin State court criminal proceedings in a case of this kind is not entirely free of doubt. The doubt arises because of the provisions of 28 U.S.C. § 2283 which reads:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

It has been held, however, in this Circuit that there is jurisdiction. Cooper v. Hutchinson, 184 F.2d 119 (3rd Cir. 1950). But it has been held otherwise in the Fourth Circuit. Baines v. City of Danville, 337 F.2d 579 (4th Cir.1964). Also see Island Steamship Lines v. Glennon, 178 F.Supp. 292 (D.C.Mass.1959). The United States Supreme Court left the question unsettled in the recent case of Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965) when it commented in a footnote: "We therefore find it unnecessary to resolve the question whether suits under 42 U. S.C. § 1983 (1958 ed.) come under the 'expressly authorized' exception to § 2283." Id. at 484, 85 S.Ct. at 1119. See 21 Rutgers Law Review 92 (1966). However, in *Dombrowski* the Court did observe that:

> [C]onsiderations of federalism have tempered the exercise of equitable power, for the Court has recognized that federal interference with a State's good-faith administration of its criminal laws is peculiarly incon-

---

3. *Amendment V:*
   No person shall be * * * deprived of life, liberty, or property, without due process of law * * *.

4. *Amendment VI:*
   In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury * * * and to have the Assistance of Counsel for his defence.

5. *Amendment XIV:*
   * * * No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law * * *.

sistent with our federal framework. It is generally to be assumed that state courts and prosecutors will observe constitutional limitations as expounded by this Court, and that the mere possibility of erroneous initial application of constitutional standards will usually not amount to the irreparable injury necessary to justify a disruption of orderly state proceedings. Id. at 484–485, 85 S.Ct. at 1119.

In the absence of a United States Supreme Court decision settling the question of jurisdiction, this Court is bound to observe the Third Circuit holding in the *Cooper* case to the effect that there is jurisdiction. But it must also observe the admonition that, "[I]t is a very delicate matter for a federal court to interfere with the processes of state courts. It is even more delicate when the processes sought to be interfered with are prosecutions for crime brought by the state in its own courts." Id. at 125.

It is recognized that the right to assert a claim under the Federal Civil Rights Act in a federal court is not dependent upon exhaustion of state remedies. Lane v. Wilson, 307 U.S. 268, 274–275, 59 S.Ct. 872 (1939). But the granting of equitable relief such as that sought here invokes the exercise of sound discretion. Such discretion must be sparingly exercised if we are to observe "[T]he delicate balance between state and federal authority and the inadvisability of federal court interference with a state prosecution." United States ex rel. Schaedler v. Common Pleas Court, 242 F.Supp. 526, 527–528 (E.D.Pa.1965).

It has been urged in this Court that by appealing to the Executive and Legislative branches of the government counsel was doing nothing more than exercising petitioners' First Amendment right of freedom of speech under the Federal Constitution. This right is not so unrestricted that the exercise of it can be permitted to interfere with the fair and impartial administration of jus-

tice, particularly in a case to be tried by a jury. Where the line should be drawn between permissible utterances for publication and those which jeopardize due process in the judicial system has been a much debated subject. See "A Free Press And A Fair Trial", Villanova Law Review, Vol. 2, No. 4, pp. 677–741 (1966). Generally any statements made by counsel out of court for publication, or made accessible for publication, during the course of a judicial proceeding have been disapproved. See Canon 20 of the Canons of Professional Ethics adopted by the American Bar Association and New Jersey Rule R.R. 1:25.

Conceding for the purpose of argument that the propriety of the action taken was debatable, it is further urged that it was prompted by most extenuating circumstances which induced Mr. Bailey to believe that relief from the kind of treatment to which his clients were subjected at the hands of the prosecution was not available through the channels of the Judicial branch of the Government. A complete record of what was deemed to have been such extenuating circumstances has been developed for reference upon any further judicial review of this matter.

However mistaken the conclusion reached by Mr. Bailey may have been, the crucial question now is whether what was done by him so prejudicially deprived the State of its right to a fair trial as to justify the deprivation of petitioners' right to services of counsel of their own choice at a late stage of the prosecution. It is argued that the injury to petitioners far outweighs any prejudice to the State. The argument places in focus the relative constitutional considerations which emerge. Disciplinary action by the court directed against an attorney stands in a different category than an order of the court which prevents his clients from having the benefit of his services during trial. This is not to suggest that such action may not be appropriate in a particular case, but the Sixth Amendment right of clients to the

assistance of counsel of their own choice must be given consideration.

■■ There is no doubt about the fact that a defendant in a criminal case has a right to be represented by counsel of his own choice, United States v. Bergamo, 154 F.2d 31 (3rd Cir. 1946), but it does not follow that the exercise of such right strips a court, whether federal or state, of its obligation to control the proceedings before it to the end that there is effective administration of justice. Effective administration of justice means not only a fair trial for a defendant, but also a fair trial for the State. This Court expresses no opinion as to whether the action of Mr. Bailey in writing to the Governor of the State of New Jersey and distributing copies of his correspondence to legislators and members of the American Polygraph Association had such prejudicial effect on the right of the State to a fair trial as to outweigh the constitutional right of petitioners to have counsel of their own choice represent them.

■ Upon careful consideration of this matter it is concluded that the federal court, in the exercise of its equity jurisdiction, should not resolve the question presented, but should stay its hand until petitioners present the opportunity to a State court for appellate review. Moreover, nothing herein stated is to be construed as indicating any opinion this Court may have as to the merit of petitioners' application. A proper respect for the State judicial system dictates such restraint.

A petition for intervention has been filed by other defendants charged by indictment with the murders of Judith Kavanaugh and Gabriel DeFranco and the application for intervention has been granted and an order entered.

Now, therefore, it is on this 8th day of May, 1968, ordered that jurisdiction is retained and that all further proceedings herein by petitioners Harold Matzner and Dorothe Matzner and the applicants for intervention are stayed to afford opportunity to them, on prompt application, to seek State court review of the order of the trial court.

Further ordered that the record developed at the hearing held in this Court be impounded except as to availability to a New Jersey State court through counsel for such use in any proceedings therein conducted as may be deemed appropriate by such State Court.